1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**
8                           **DISTRICT OF NEVADA**
9
10
11  DMITRI ALEXANDER,                )
                                     )
12              Petitioner,          )     2:17-cv-01490-KJD-NJK
                                     )
13  vs.                              )     **ORDER**
                                     )
14  JO GENTRY, *et al.*,             )
                                     )
15              Respondents.         )
    _____/

16      Petitioner has submitted an application to proceed *in forma pauperis* and a petition for a writ

17 of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The court finds that petitioner is able to

18 pay the full filing fee of five dollars ($5.00). He will be allowed thirty days to have the filing fee

19 sent to the court.

20      In addition, petitioner has submitted an entirely hand-written document styled as a petition

21 for writ of habeas corpus. ECF No. 1-1. Because he appears to be challenging his state custody

22 under a state-court judgment, he is required to complete a petition for a writ of habeas corpus

23 pursuant to 28 U.S.C. § 2254, on the court-approved form. Local Rule, LSR 2-1 (requiring plaintiffs

24 appearing in *pro se* to file all of their complaints and petitions on the court's approved forms).

25      Petitioner has also submitted motions for a temporary restraining order and a preliminary

26 injunction, with which petitioner asks this court to enter an order forthwith directing respondents to

show cause why they should not be ordered to correct an allegedly erroneous calculation of his statutory time credits. ECF Nos. 4/5. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). It is appropriately used to preserve a party's rights pending resolution of the merits of his claim. *Big Country Foods, Inc. v. Board of Educ. of Anchorage School Dist., Anchorage, Alaska*, 868 F.2d 1085, 1087 (9th Cir. 1989). The grant or denial of a motion for a preliminary injunction is a matter of the district court's discretion. *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987). "Granting a motion for preliminary injunction is appropriate when the plaintiff demonstrates either (1) probable success on the merits and the possibility of irreparable harm, or that serious questions exist regarding the merits and the balance of hardships tips sharply in plaintiff's favor." *Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions . . . serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Internat'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal quotation marks and citations omitted).

Here, petitioner has not made the required showing. As an initial matter, it appears that petitioner has not pursued his claim in the state courts through to a decision on the merits by the state supreme court. A state prisoner seeking habeas corpus relief first must exhaust his state court remedies before presenting his constitutional claims to the federal courts. 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Petitioner makes no reference to having presented his claim to the Nevada Supreme Court.

Moreover, it also appears as if petitioner's claim is premised primarily on state law. A federal writ of habeas corpus is not available with respect to claims based solely on alleged errors in the interpretation or application of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Where a state arbitrarily deprives a prisoner of a state created liberty interest, the prisoner may state a cognizable claim for federal habeas relief under the Due Process Clause. *See, e.g.*, *Wolf v. McDonnell*, 418 U.S. 539, 571–72 (1974) (holding that a state-created right to good-time credits, which could be forfeited only for serious misbehavior, constituted a liberty interest protected by the Due Process Clause). However, petitioner needs to show that the state acted in an arbitrary manner, not merely that it reached the wrong result as a matter of state law. *See Wolff*, 418 U.S. at 558 ("The touchstone of due process is protection of the individual against arbitrary action of government."). Petitioner falls well short of making the necessary showing.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is DENIED. Petitioner shall have **thirty (30) days** from the date that this order is entered to have the filing fee of five dollars ($5.00) sent to the clerk of the court. Failure to comply will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies of a noncapital Section 2254 habeas petition form, a copy of the instructions for each form, and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies of this order. Petitioner is ordered to make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

**IT IS FURTHER ORDERED** that petitioner's motions for a temporary restraining order and a preliminary injunction (ECF Nos. 4/5) are DENIED.

**IT IS FURTHER ORDERED** that the court shall reserve its decision on petitioner's motion for appointment of counsel (ECF No. 3) until petitioner has paid the filing fee.

Dated this __21__ day of June, 2017.

_____
UNITED STATES DISTRICT JUDGE

4